UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KEWAYNE SMITH, Individually and On Behalf of All Others Similarly Situated, | § § § § § | |
| Plaintiff, | § | No. _____ |
| v. | § § § | JURY TRIAL DEMANDED |
| PLASTIC EXPRESS and RAYMOND J. HUFNAGEL, | § § § § | |
| Defendants. | § § | |

## **PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Kewayne Smith (referred to as "Plaintiff" or "Smith") bringing this collective action and lawsuit on behalf of himself and all other similarly situated employees to recover unpaid overtime wages from Defendants Plastic Express and Raymond J. Hufnagel (referred to as "Defendants" or "Plastic Express"). In support thereof, he would respectfully show the Court as follows:

### I. Nature of Suit

1. Smith's claims arise under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

2. The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency

and general well-being of workers … ." 29 U.S.C. § 202(a). To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage, and recordkeeping requirements for covered employers. 29 U.S.C. §§ 206(a), 207(a), 211(c).

3. Plastic Express violated the FLSA by employing Smith and other similarly situated nonexempt employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [they are or were] employed." 29 U.S.C. § 207(a)(1).

4. Plastic Express violated the FLSA by failing to maintain accurate time and pay records for Smith and other similarly situated nonexempt employees as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

5. Smith brings this collective action under 29 U.S.C. § 216(b) on behalf of himself and all other similarly situated employees to recover unpaid overtime wages.

## II. Jurisdiction & Venue

6. The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because it arises under the FLSA, a federal statute.

7. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(3) because Plastic Express is subject to this Court's personal jurisdiction.

### III. Parties

8. Kewayne Smith is an individual who resides in Galveston County, Texas and who was employed by Plastic Express during the last three years.

9. Plastic Express is a Nevada corporation that is not registered to to transact business in Texas. Accordingly, Plastic Express may be served with process by serving the Texas Secretary of State pursuant to TEX. BUS. ORG. CODE § 5.251 and TEX. CIV. PRAC. & REM. CODE § 17.026. Plastic Express' out of state registered agent is Thomas J. Borchard, at 25090 Pala, Suite 300, Mission Viejo, California, 92691.

10. Raymond J. Hufnagel is an individual who may be served with process at 15450 Salt Lake Ave, Industry, California, 91745.

11. Whenever it is alleged that Defendants committed any act or omission, it is meant that company's officers, directors, vice-principals, agents, servants or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Plastic Express or was done in the routine and normal course and scope of employment of the company's officers, directors, vice-principals, agents, servants or employees.

### IV. Facts

12. Plastic Express is a packaging and warehousing company; it operates multiple locations in the territorial jurisdiction of this Court.

13. Plastic Express employed Smith as a warehouse associate/forklift driver from September 2016 to the present.

14. During Smith's employment with Plastic Express, he was engaged in commerce or the production of goods for commerce.

15. During Smith's employment with Plastic Express, the company had employees engaged in commerce or in the production of goods for commerce.

16. During Smith's employment with Plastic Express, the company had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by others.

17. During Smith's employment with Plastic Express, the company had an annual gross volume of sales made or business done of at least $500,000.

18. Plastic Express paid Smith on an hourly basis.

19. During Smith's employment with Plastic Express, he regularly worked in excess of forty hours per week.

20. Plastic Express knew or reasonably should have known that Smith worked in excess of forty hours per week.

21. Plastic Express did not pay Smith overtime "at a rate not less than one and one-half times the regular rate at which he [was] employed." 29 U.S.C. § 207(a)(1).

22. Instead, Plastic Express paid Smith at his normal hourly rate for all the hour worked and/or refused to pay him for all the hours he worked.

23. In other words, Plastic Express paid Smith for his overtime at a rate less than one and one-half times the regular rate at which he was employed in violation of the FLSA.

24. Plastic Express knew or reasonably should have known that Smith was not exempt from the overtime provisions of the FLSA.

25. Plastic Express failed to maintain accurate time and pay records for Smith as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

26. Plastic Express knew or showed a reckless disregard for whether its pay practices violated the FLSA.

27. Plastic Express is liable to Smith for his unpaid overtime wages, liquidated damages and attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

28. All warehouse associates/forklift drivers employed by Plastic Express are similarly situated to Smith because they (1) have similar job duties; (2) regularly work in excess of forty hours per week; (3) are not paid overtime for the hours they work in excess of forty per week as required by 29 U.S.C. § 207(a)(1) and (4) are entitled to recover their unpaid overtime wages, liquidated damages and attorneys' fees and costs from Plastic Express pursuant to 29 U.S.C. § 216(b).

**V. Count One—Failure to Pay Overtime in Violation of 29 U.S.C. § 207(a)**

29. Smith adopts by reference all the facts set forth above. *See* FED. R. CIV. P. 10(c).

30. During Smith's employment with Plastic Express, he was a nonexempt employee.

31.     As a nonexempt employee, Plastic Express was legally obligated to pay Smith "at a rate not less than one and one-half times the regular rate at which he [was] employed[]" for the hours that he worked over forty in a workweek.  29 U.S.C. § 207(a)(1).

32.     Plastic Express did not pay Smith overtime "at a rate not less than one and one-half times the regular rate at which he [was] employed."  29 U.S.C. § 207(a)(1).

33.     Instead, Plastic Express paid Smith at his normal hourly rate for all the hour worked and/or it refused to pay him for all the hours he worked.

34.     In other words, Plastic Express paid Smith for his overtime at a rate less than one and one-half times the regular rate at which he was employed in violation of the FLSA.

35.     If Plastic Express classified Smith as exempt from the overtime requirements of the FLSA, he was misclassified because no exemption excuses the company's noncompliance with the overtime requirements of the FLSA.

36.     Plastic Express knew or showed a reckless disregard for whether its pay practices violated the overtime requirements of the FLSA.  In other words, Plastic Express willfully violated the overtime requirements of the FLSA.

### VI.  Count Two—Failure to Maintain Accurate Records in Violation of 29 U.S.C. § 211(c)

37.     Smith adopts by reference all the facts set forth above.  *See* Fed. R. Civ. P. 10(c).

38. The FLSA requires employers to keep accurate records of hours worked by and wages paid to nonexempt employees. 29 U.S.C. § 211(c); 29 C.F.R. pt. 516.

39. In addition to the pay violations of the FLSA described above, Plastic Express also failed to keep proper time and pay records as required by the FLSA.

## VII. Count Three—Collective Action Allegations

40. Smith adopts by reference all the facts set forth above. *See* FED. R. CIV. P. 10(c).

41. On information and belief, other employees have been victimized by Plastic Express's violations of the FLSA identified above.

42. These employees are similarly situated to Smith because, during the relevant time period, they held similar positions, were compensated in a similar manner and were denied overtime wages at one and one-half times their regular rates for hours worked over forty in a workweek.

43. Plastic Express's policy or practice of failing to pay overtime compensation is a generally applicable policy or practice and does not depend on the personal circumstances of the putative class members.

44. Since, on information and belief, Smith's experiences are typical of the experiences of the putative class members, collective action treatment is appropriate.

45. All employees of Plastic Express, regardless of their rates of pay, who were paid at a rate less than one and one-half times the regular rates at which they

were employed for the hours that they worked over forty in a workweek are similarly situated. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The Class is therefore properly defined as:

> All warehouse associates/forklift drivesr employed by Plastic Express at any location during the last three years.

46. Plastic Express is liable to Smith and the other warehouse associates/forklift drivers for the difference between what it actually paid them and what it was legally obligated to pay them.

47. Because Plastic Express knew and/or showed a reckless disregard for whether its pay practices violated the FLSA, the company owes Smith and the other warehouse associates/forklift drivers their unpaid overtime wages for at least the last three years.

48. Plastic Express is liable to Smith and the other warehouse associates/forklift drivers in an amount equal to their unpaid overtime wages as liquidated damages.

49. Plastic Express is liable to Smith and the other warehouse associates/forklift drivers for their reasonable attorneys' fees and costs.

50. Smith has retained counsel who are well versed in FLSA collective action litigation and who are prepared to litigate this matter vigorously on behalf of him and all other putative class members.

## VIII.  Jury Demand

51. Smith demands a trial by jury.

## IX.  Prayer

52. Smith prays for the following relief:

   a. an order allowing this action to proceed as a collective action under 29 U.S.C § 216(b);

   b. judgment awarding Smith and the other warehouse associates/forklift drivers all unpaid overtime compensation, liquidated damages, attorneys' fees and costs;

   c. prejudgment interest at the applicable rate;

   d. post judgment interest at the applicable rate;

   e. incentive awards for any class representative(s); and

   f. all such other and further relief to which Smith and the other warehouse associates/forklift drivers may show themselves to be justly entitled.

Respectfully submitted,

MOORE & ASSOCIATES

By: /s/ Melissa Moore
Melissa Moore
State Bar No. 24013189
Federal Id. No. 25122
Curt Hesse
State Bar No. 24065414
Federal Id. No. 968465
Bridget Davidson
State Bar No. 24096858
Federal Id. No. 3005005
Lyric Center
440 Louisiana Street, Suite 675
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739

**ATTORNEYS FOR PLAINTIFF KEWAYNE SMITH**